**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MUTAZ ALSHARA,

        Plaintiff,

v.

GOVERNMENT OF CANADA, *et al*.,

        Defendants.

_____/

Case No. 2:26-cv-11636

Hon. Brandy R. McMillion
United States District Judge

**ORDER SUMMARILY DISMISSING CASE**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Mutaz Alshara ("Alshara" or "Plaintiff") filed this action against Defendants Government of Canada, Office of the Prime Minister of Canada, Province of Ontario, Ontario Human Rights Commission, and City of Toronto (collectively, "Defendants"), seeking declaratory and injunctive relief and compensatory damages for Defendants' alleged unlawful, arbitrary, and discriminatory ban of Plaintiff from entering Canada. *See* ECF No. 1, PageID.2. Concurrent with filing the Complaint, Alshara also filed an Application to Proceed Without the Prepayment of Fees ("IFP Application"). ECF No. 2. The Court ordered that the application be corrected, and Alshara filed an amended IFP Application. *See* ECF No. 7. Because the Court lacks subject matter jurisdiction over Alshara's

1

claims, this case is **SUMMARILY DISMISSED,** and the Application to Proceed Without the Prepayment of Fees is **DENIED AS MOOT**.

**I.**

Alshara filed this action alleging that Canada was unlawfully banning Plaintiff from entering Canada "based on unsubstantiated domestic violence allegations arising from Plaintiff's adolescence[,]" which he claims is a "violation of international human rights obligations, Canadian domestic law, and the Foreign Sovereign Immunities Act's exceptions to sovereign immunity."  ECF No. 1, PageID.2.  He seeks compensatory damages, and declaratory and injunctive relief. *Id.* at PageID.14.

**II.**

Under Federal Rule of Civil Procedure 12(h)(3), if the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Houston v. Garland*, No. 2:22-cv-13036, 2023 WL 3212335, at *2 (E.D. Mich. May 2, 2023), *aff'd*, No. 23-1530, 2024 WL 1925936 (6th Cir. Jan. 26, 2024).  Although the Court should remain mindful that *pro se* complaints are to be construed liberally, *pro se* complaints "must still satisfy the subject matter jurisdiction requirement." *Lopez v. Benson*, No. 2:24-cv-10916, 2024 WL 3740115, at *1 (E.D. Mich. June 6, 2024).  Pursuant to 28 U.S.C. § 1330, district courts have original jurisdiction, without regard to the amount in controversy, over any nonjury civil actions against

a foreign state, as long as the foreign state is not entitled to immunity under §§ 1605–1607 of the statute or under any applicable international agreement.

### III.

Alshara claims that this Court has jurisdiction over his claims because the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602-1611, allows for a commercial activity exception and a non-commercial tort exception to any claim of sovereign immunity. ECF No. 1, PageID.2. While that may be true, the Court disagrees that it is applicable in this instance.

Canada, as a foreign country, would have a general claim to sovereign immunity to any suit brought against it in the United States. *See generally* 28 U.S.C. § 1330. However, the FSIA commercial activity exception provides that a foreign state is not immune from the jurisdiction of US courts if,

> . . . ***the action is based upon*** a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. §1605(a)(2) (emphasis added). Similarly, the non-commercial tort exception prohibits immunity when

> . . . money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, ***occurring in the United States*** and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the

3

scope of his office or employment; except this paragraph shall not apply to—

> (A)   *any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused*, or
>
> (B)   any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

28 U.S.C. §1605(a)(5) (emphasis added).

Plaintiff alleges that the commercial activity exception "applies because Canadian telecommunications instrumentalities commercially route Plaintiff's cellular data through Michigan on a continuous basis."   ECF No. 1, PageID.3. However, this action is not "based upon" that commercial activity, as required by the statute.   Alshara's claim that he is being unlawfully banned from entering Canada based on domestic violence allegations is not in any way tied to his cellular data commercial activity.   That, therefore, cannot confer jurisdiction upon this Court.   To hold otherwise would open the floodgates to cases against Canadian entities simply because the proximity of cellular towers allows telecommunications signals to cross international borders.

The non-commercial tort exception fares no better.   Alshara claims this exception "applies because Plaintiff's claims are based upon tortious acts occurring in the United States, specifically the unauthorized routing of Plaintiff's personal data through Canadian infrastructure while Plaintiff is physically in this district."   ECF

4

No. 1, PageID.3.  Again, the routing of Plaintiff's cellular signal has no relation to his being banned from Canada.  Further, the alleged unlawful act (banning his entrance to Canada) presumably occurred in Canada, not the United States.  Moreover, as the statute specifically states, this exception does not apply to claims based upon the exercise or performance of a discretionary function, regardless of whether that discretion is abused.  *See* 28 U.S.C. §1605(a)(5).  Decisions whether to allow an individual into Canada, or any other country, are wholly within the discretion of that country and its officials; therefore, they would not fall under the non-commercial tort exception.

## IV.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **SUMMARILY DISMISSED** as the Court lacks subject matter jurisdiction.  Further, Plaintiff's Application to Proceed without the Prepayment of Fees (ECF No. 7) is **DENIED AS MOOT**.

*This is a final order that closes the case*.

**IT IS SO ORDERED.**

Dated:  May 28, 2026                         s/Brandy R. McMillion
           Detroit, Michigan                    HON. BRANDY R. MCMILLION
                                                          United States District Judge

5